UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN UMBARGER,

                Petitioner,                Case No. 1:08-cv-637

v.                                              Honorable Paul L. Maloney

SHERRY BURT,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner is incarcerated in the Parnall Correctional Facility. He was convicted in the Kent County Circuit Court of three counts of first-degree criminal sexual conduct (CSC I), MICH. COMP. LAWS § 750.520b(1)(a), and one count of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a). On June 27, 1996, the trial court sentenced Petitioner to imprisonment of fifteen to forty-five years on each of the CSC I convictions and ten to fifteen years on the CSC II conviction. The Michigan Court of Appeals affirmed his conviction on August 13, 1999, and the Michigan Supreme Court denied his application for leave to appeal on March 28, 2000.[1]

On May 25, 2006, Petitioner filed a supplemental motion for resentencing in the Kent County Circuit Court. Over Petitioner's objection, the trial court construed the motion as a motion for relief from judgment brought pursuant to MICH. CT. R. 6.500 *et seq*. The motion was denied by the trial court on August 29, 2006. Plaintiff does not allege that he appealed that decision. Instead, he filed a motion for relief from judgment on December 15, 2006. On January 4, 2007, the trial court denied Petitioner's motion as an improper successive motion, because Michigan law permits a defendant to file only one motion for relief from judgment. *See* MICH. CT. R. 6.502(G)(1). The court also denied Petitioner's motion for reconsideration on January 25, 2007. The Michigan Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction on April 5, 2007, because a defendant cannot appeal the denial or rejection of a successive motion for relief from judgment. The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on July 30, 2007, because his motion for relief from judgment was prohibited by MICH. CT. R. 6.502(G).

---

[1] In his petition, Petitioner indicates that he did not file an appeal in the Michigan Supreme Court. However, the Supreme Court published an order stating "Delayed application for leave to appeal from the August 13, 1999 decision of the Court of Appeals is DENIED." *See People v. Umbarger*, 610 N.W.2d 927 (Mich. 2000).

Petitioner also filed a petition for writ of habeas corpus in the Gogebic County Circuit Court on July 31, 2007. The circuit court denied his petition on August 23, 2007. Five days later, Petitioner filed a new habeas corpus action on the Michigan Court of Appeals. In an order issued on October 30, 2007, the court of appeals summarily denied Petitioner's complaint for habeas corpus relief. The Michigan Supreme Court denied Petitioner's application for leave to appeal on February 19, 2008.

Petitioner now raises the following ground for habeas corpus relief:

> P.A. 1974, NO. 266 (MCL 750.520 ET SEQ.) IS UNCONSTITUTIONAL AND VOID AB INITIO BECAUSE THE PREDICATE CONGRESSIONAL BILL (SENATE BILL NO. 1207) FAILED TO COMPLY WITH THE REQUISITE ENACTMENT PROVISIONS MANDATED BY MICHIGAN CONSTITUTIONAL ARTICLE 4 §§ 24 AND 26; RENDERING SENATE BILL NO. 1207, P.A. 1974. NO. 266, AND MCL 750.520 ET SEQ WITHOUT FORCE OR EFFECT; CREATING A FEDERAL SUBSTANTIVE DUE PROCESS OF LAW VIOLATION (U.S. 5TH; 14TH); DEPRIVING THE TRIAL COURT [OF] SUBJECT MATTER JURISDICTION TO PROCEED AGAINST ME FOR VIOLATIONS OF MCL 750.520B AND 750.520c; RENDERING THE CONVICTIONS SECURED AGAINST ME PURSUANT TO CASE NOS. 95-3388-FC AND 95-3419-FC A NULLITY.

(Pet., 8, docket #1.) Petitioner alleges that the bill was not properly enacted because it "was not read 3 times in each house prior to passage; was not in the possession of each house for at least five days prior to passage; and the purpose had changed during the passage through the houses." (Am. Pet., 6, docket #3.)[2]

　　II.　Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

---

[2] Petitioner recently filed two other habeas corpus actions in this Court concerning the same conviction, but those actions were dismissed without prejudice. *See Umberger v. Burt*, 1:08-cv-379 (W.D. Mich. June 17, 2008) and *Umbarger v. Burt*, 1:08-cv-380 (W.D. Mich. May 14, 2008).

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[3] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

---

[3] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

§ 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on March 28, 2000. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 27, 2000. Petitioner had one year until June 27, 2001, to file his habeas application. Petitioner filed the instant action on or about July 2, 2008, more than seven years after the statute of limitations expired.[4]

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) Because Petitioner's one-year period expired in 2001, his collateral motions filed in 2006 and 2007 cannot serve to revive the limitations period.

Petitioner argues that "the predicate factual basis for my claim and my acquisition of new evidence in support thereof, was discovered in July of 2007." Under 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitations begins to run on the date on which the factual predicate of the

---

[4]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on July 2, 2008, and it was received by the Court on July 7, 2008. Thus, it must have been handed to prison officials for mailing at some time between July 2 and 8. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

claim or claims presented could have been discovered through the exercise of due diligence. Petitioner's argument warrants little discussion. It is simply untenable that Petitioner, in the exercise of due diligence, was unable to discover that a 1974 statute was improperly enacted until more than ten years after his 1996 conviction. Consequently, § 2244(d)(1)(A) is the proper provision for determining when the statute of limitations began to run in this case.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to allege any facts or circumstances that would warrant equitable tolling in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not

excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  August 4, 2008              /s/  Joseph G. Scoville
                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).