UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN UMBARGER,
          Petitioner,

                                              Case No. 1:08-cv-637

-v-

                                       HONORABLE PAUL L. MALONEY

SHERRY BURT,
          Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This Court has before it a Report and Recommendation (Dkt. No. 5). Petitioner Umbarger filed objections (Dkt. No. 6). This Court has read the petition for writ of habeas corpus, the report and recommendation, the objections and relevant authority.

Petitioner Umbarger filed his petition for writ of habeas corpus asserting the state law upon which he was convicted was not property enacted and concludes his conviction violates the due process clauses in the Fifth and Fourteenth Amendments. The Magistrate Judge recommends the petition be dismissed as time barred by the one-year statute of limitation in the AEDPA. The Magistrate Judge finds Petitioner's conviction became final in 2000, after the Michigan Supreme Court denied his application for leave to appeal. The Magistrate Judge finds the subsequent motions filed by Petitioner in 2006 and 2007 were collateral attacks that did not restart or revive the one-year statute of limitation. Finally, the Magistrate Judge finds no facts or circumstances warranting equitable tolling of the statute of limitation.

I. LEGAL FRAMEWORK

After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. §

636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984.  *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).  The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

II. ANALYSIS

Petitioner asserts two objections.  First, Petitioner argues his claim cannot be time barred because any order issued by a court without jurisdiction is absolutely void and unenforceable. Similar arguments have been advanced by state prisoners in federal courts without success. Although a federal court is obligated to raise questions concerning subject matter jurisdiction at any time, a federal court is not obligated to raise questions concerning a state court's subject matter jurisdiction, as that is a question of state law.  *Griffin v. Padula*, 518 F. Supp.2d 671, 677 (D.S.C. 2007).  "There is no exception under the AEDPA for subject matter jurisdiction claims."  *Id.* (quoting *Moore v. Ozmint*, No. 8:06-0990-GRABHH, 2006 WL 2873620, *1 (D.S.C. Oct. 4, 2006)).

Accordingly, the AEDPA's one year statute of limitation applies to Petitioner's claim and must be dismissed as untimely. *See Barron v. Ortiz*, 194 F.App'x 517, 519 (10th Cir. 2006) (denying a certificate of appealability because the petitioner's section 2254 habeas claim, which alleged, among other things, that the state court lacked jurisdiction, was untimely); *Griffin*, 518 F.Supp.2d at 677 (dismissing habeas petition, which alleged the state court lacked jurisdiction because the indictment was defective, as untimely). *See also Blackshear v. McDonough*, No. 8:07-cv-1831-T-27MAP, 2008 WL 2312677 (M.D. Fla. June 4, 2008) (dismissing as untimely a section 2254 petition which argued the one year limitation did not apply to the allegation that the state court lacked jurisdiction) (quoting, *inter alia, Griffin*); *Carpenter v. Motley*, No. 1:07-cv-P14-R, 2007 WL 4553340 (W.D. Ky. Dec. 19, 2007) (same and quoting *Griffin*); *Johnson v. Jones*, No. 3:03cv071-WHA, 2006 WL 2092601 (M.D. Ala. July 27, 2006) (same); *Hornsby v. Booker*, No. 2:06-cv-12608, 2007 WL 1499839 (E.D. Mich. May 22, 2007) (denying petitioner's motion for reconsideration and reiterating that "a prisoner filing a habeas corpus petition is not exempt from the statute of limitations simply because the prisoner raises a claim that the state court lacked jurisdiction.") (citing *Ozmint*). A petitioner may not avoid the one year limitation in the AEDPA by reframing his state court jurisdiction argument in terms of the Fourteenth Amendment Due Process Clause. *Ozmint*, 2006 WL 2873620 at *1.

Petitioner's second objection is that the claim should be equitably tolled. Petitioner alleges he has not had access to any legislative documents and that he has had to educate himself on the law. These arguments were adequately addressed by the Magistrate Judge. Petitioner has not established that he has pursued his rights diligently given the ten year gap between his conviction and the first petition in which he raised this issue.

III. CONCLUSION

Petitioner Umbarger failed to timely file his petition for habeas corpus. The one year statute of limitation bars his petition. Petitioner has not established the factual predicate for equitable tolling of the statute of limitation.

**THEREFORE:**

The Report and Recommendation (Dkt. No. 5) is **ADOPTED** over objections. Petitioner Umbarger's petition for habeas corpus (Dkt. No. 1) is **DISMISSED.** A certificate of appealability on all issues is **DENIED.** This action is **TERMINATED.  IT IS SO ORDERED.**

Date: August 19, 2008              /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief, United States District Judge